Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4425 | **DATE** | 7/27/10 |
| **CASE TITLE** | Shumpert v. USA | | |

**DOCKET ENTRY TEXT:**

Petitioner Shumpert's petition [4] to proceed *in forma pauperis* is denied. This denial is without prejudice. The Court grants Shumpert 15 days in which either to pay the filing fee or to file a new, complete petition to proceed *in forma pauperis*. If Shumpert fails either to pay the filing fee or to file a new, complete petition to proceed *in forma pauperis*, the Court will dismiss his complaint.

■[ For further details see text below.]  Notices mailed by judicial staff.

# STATEMENT

Petitioner Everett Shumpert ("Shumpert") has filed a petition to proceed *in forma pauperis*. Plaintiff Hebrew Methodological Institute, which is an organization that Shumpert has formed or will form, has not requested leave to proceed *in forma pauperis* and has not paid the filing fee.

Shumpert's main claim is that his Fourth Amendment right to be free from unreasonable searches and seizures was violated by a number of public figures (including President Barack Obama, Senator Richard Durbin, Representative Jan Schakowsky, and City of Evanston Mayor Elizabeth Tisdahl) when Shumpert's computer was bombarded, nearly simultaneously, by phone calls from those public figures' offices, which hacked into his computer, thereby destroying the research he kept on his computer. According to the complaint, the public figures were assisted in their conspiracy by defendants Lori Newsom and Rick Shubert of the Housing Authority of Cook County. Rick Shubert allegedly assisted the conspiracy by entering plaintiff's apartment and hooking plaintiff's computer up to the internet, thereby allowing the public figures' offices to "cyber attack" his computer. In seemingly-unrelated claims, Shumpert asserts that Facebook CEO Mark Zuckerberg libeled and defamed him when someone posted on Facebook a message which suggested plaintiff had been convicted of stealing campaign funds.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 540 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. The Court finds that Shumpert has failed to demonstrate sufficiently that he is impoverished within the meaning of the statute, because he has failed to answer all of the questions on the financial affidavit. Specifically, Shumpert failed to answer question 2.b., which asks a petitioner to state the beginning and end dates of his last employment, the name of his last employer and the

| STATEMENT |
|---|

monthly salary or wages at his last job. Although it is clear from Shumpert's complaint that he has been employed in the past, Shumpert failed to answer those questions. Accordingly, the Court denies Shumpert's petition to proceed *in forma pauperis*. This denial is without prejudice to Shumpert's right to file a new, complete petition, should he so choose.

Next, the Court makes two observations with respect to plaintiff Hebrew Methodological Institute. First, entities, unlike persons, may not proceed *in forma pauperis*. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993). Second, entities must appear through attorneys; they may not appear *pro se*. *Id.* at 202. If Hebrew Methodological Institute is to continue in this case, it must appear through an attorney, and it must pay the filing fee.

Finally, the Court notes that even if it had granted Shumpert leave to proceed *in forma pauperis*, it would have dismissed the suit for failure to state a claim. The *in forma pauperis* statute requires the Court to dismiss the petitioner's complaint if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The main problem with Shumbert's complaint is that the law does not recognize vicarious liability under § 1983 or for *Bivens* actions. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution). That means, for example, that Jan Schakowsky is not liable merely because a telephone in her office connected to plaintiff's computer. The only way plaintiff can state a claim against these individuals is if he can allege that they personally did something to violate his constitutional rights. The Court would have dismissed plaintiff's claims against Zuckerman, too, because the Court lacks jurisdiction over those claims, which are not part of the same case or controversy as the claims over which the Court has subject-matter jurisdiction.